**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (Bar No. 226112)
Terri R. Hanley (Bar No. 199811)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**JENNIFER LONDON,**

Applicant.

Case No. C06-80196 JSW (BZ)

**NOTICE OF MOTION AND MOTION OF NONPARTY DOES TO QUASH SUBPOENAS TO YAHOO! INC.**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Date: October 4, 2006**
**Time: 10:00 a.m.**
**Judge: Mag. B. Zimmerman**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

TO ALL PARITES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2006 at 10:00 a.m., or as soon thereafter as the matter can be heard, in the District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom G, 15th Floor, San Francisco, California 94102, four anonymous "John Doe" email addresses (wrest36@yahoo.com, wrest39@yahoo.com, readyset44@yahoo.com, tryit360@yahoo.com, hereinafter, "DOES"), through their attorneys of record Kronenberger Hanley, LLP, will move this Court a) to quash the subpoenas that issued pursuant to an Application under 28 U.S.C. § 1782 and were served upon Yahoo!, Inc., and b) to deny Applicant Jennifer London's Application for the right to conduct discovery pursuant to 28 U.S.C. § 1782, dated July 20, 2006 and amended July 28, 2006. This motion is made on the ground that the Application does not sufficiently allege grounds under Section 28 U.S.C. § 1782 to permit Applicant to obtain discovery rights in the United States, and on the ground that Applicant's request violates the First Amendment rights of the DOES.

This motion is brought upon Federal Rule of Civil Procedure 45(c), will be based on this Notice, the points and authorities set forth below, the Application and supporting declarations and exhibits filed by Applicant, all other pleadings and records filed herein, and upon such other additional arguments and evidence, both written and oral, as may be presented at or before the time of the hearing.

DATED: August 22, 2006.

**KRONENBERGER HANLEY, LLP**

By: /s/ Karl S. Kronenberger

Terri R. Hanley
Karl S. Kronenberger
Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

## TABLE OF CONTENTS

**I. INTRODUCTION** ........ **1**

**II. ARGUMENT** ........ **3**

A. 28 U.S.C. § 1782(a) Does Not Require a Federal District Court To Authorize The Discovery Sought In This Case ........ 3

1. Richard London is a Party to a French Proceeding, Subject to French Jurisdiction and Can be Ordered to Produce the Evidence in a French Court. ........ 3

2. The Character of the Foreign Proceeding is a Highly Contentious Family Dispute Regarding Divorce and Child Custody and Discovery Should be Left to the Discretion of the Court. ........ 5

3. Jennifer London's Discovery Request is Attempting to Circumvent Various Legal Obstacles She Faces in French Court. ........ 6

4. The Subpoena Request is Overbroad, Seeks Irrelevant and Unnecessary Information and is Unduly Intrusive. ........ 7

5. Jennifer London Requests Arguably Privileged Material, and § 1782(a) Specifically Prohibits Discovery of Privileged Information. ........ 7

B. The First Amendment to the U.S. Constitution Protects the Right to Anonymous Communication and Discovery Requests That Seek to Pierce Anonymity Are Subject to a Qualified Privilege. ........ 8

C. The First Amendment Qualified Privilege Requires Evaluation of Jennifer London's Discovery Request in Light of Two Key Factors. ........ 10

1. Jennifer London Has Not Submitted Competent Evidence Sufficient to Raise a Fact Dispute to Each Element of the Causes of Action Claimed. ........ 11

2. The Balancing of Harms Weighs in Favor of the DOES. ........ 11

D. An Urgent Need For Discovery Does Not Exist Because The Discovery Sought Is Not Relevant To The Pending Child Custody Proceedings. ........ 12

E. Evidence Submitted In Support Of Jennifer London's Subpoena Is Not A Properly Authenticated English Translation And Is Inadmissible. ........ 12

**III. CONCULSION** ........ **13**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

# TABLE OF AUTHORITIES

## CASES

*Akermann v. Levine*, 788 F.2d 830 (2d Cir. 1986)........................................................6

*Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182 (1999) .....................................8

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) ...........................8

*Dendrite Int'l v. Doe No. 3*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001)........................8

*Doe v. 2theMart.com, Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) ..........................8, 9

*Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004)...................10

*Intel Corp. v. Advanced Micro Devices, Inc.*, 2004 WL 2282320 (N.D. Cal. 2004).............3

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).................................3, 7

*Matusevitch v. Telnikoff*, 877 F.Supp. 1 (D.D.C. 1995) ....................................................7

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995) ...............................................8

*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958)...............................................9

*Reno v. ACLU*, 521 U.S. 844 (1997) ..........................................................................8, 9

*Tei Yan Sun v. Governmental Auths. of Taiwan*, 2001 U.S. Dist. LEXIS 1160 (N.D. Cal. Jan. 23, 2001) ..........................................................................................13

*Wilson v. Marchington*, 127 F.3d 805 (9th Cir. 1997) .......................................................6

## STATUTES

28 U.S.C. § 1782.................................................................................................3, 7

Fed. R. Civ. P. 45(c)(3)(A)..........................................................................................8

## OTHER AUTHORITY

Federal Rule of Evidence 604 ..................................................................................13

Federal Rule of Evidence 901 ..................................................................................13

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Phone: (415) 955-1155
Fax: (415) 955-1158

Four anonymous "John Doe" email addresses (wrest36@yahoo.com, wrest39@yahoo.com, readyset44@yahoo.com, tryit360@yahoo.com), hereinafter, "DOES"), through their attorneys of record Kronenberger Hanley, LLP, hereby respond to and oppose Applicant Jennifer London's ("J. LONDON" or "Applicant") application for the right to conduct discovery pursuant to 28 U.S.C. § 1782, dated July 20, 2006 and amended July 28, 2006 ("Application").

## I. INTRODUCTION

In reviewing J. LONDON's Application, the Court should place the Application in the proper perspective. That is, the Application arises out of an emotionally charged divorce and child custody proceeding where both parties are alleging lying, deceit, adultery and other typical charges in domestic disputes. Driven by the emotional zeal as a mother fighting to keep custody of her child, the Applicant has requested that the court allow discovery of information that is clearly at the core of protected First Amendment speech. The Applicant has misrepresented the existence of any exigency in this matter and has presented to this Court an unauthenticated translation of a French temporary court order – a translation dated December 19, 2005, and perhaps even translated by the office of Applicant's own attorney – as support for her request to obtain multiple types Internet correspondence information, which is clearly speech protected under the First Amendment.

Second, the Court must view the court action in French court for what it is – a temporary, pre-filing injunctive order that authorizes the filing of a divorce action in the future. Applicant simply does not allege any foreign proceeding for the purposes of Section 1782.

Third, Section 1782 clearly states that discovery shall not be authorized in the case of privileged materials. In this case, the information requested in the Application is clearly subject to the qualified privilege granted by the First Amendment.

Fourth, simply applying the factors for assessing requests under Section 1782, as delineated by the US Supreme Court, lead to the inevitable conclusion that discovery

should be denied. Discovery under Section 1782 is completely discretionary with the Court, and the balance of the requisite factors in this case tip overwhelmingly in favor of quashing Applicant's requested discovery. Applicant fails to explain how the discovery she seeks relates to the elements of claims she has raised in French Court. Nor does Applicant make any effort to demonstrate that discovery of the sort she seeks is not merely a circumvention of French discovery laws. Applicant's only evidence concerning the underlying action is an unauthenticated translation of a French court injunctive order and a conclusory declaration by her French counsel. The dearth of evidence and argument justifying Applicant's request, the nature of the underlying proceeding and the fact that Applicant is most likely circumventing French law with her Application, speaks volumes about Applicant's true motives in seeking the requested subpoena.

Fifth, even if Applicant's chosen procedure does not raise questions about her true motives, and even if Applicant had bothered to explain the need for her requested subpoena, the Court is still obligated to scrutinize Applicant's request to ensure that it did not violate DOES' constitutional rights. Applicant fails to elucidate the nature of her French claims, much less to proffer a *prima facie* case in support of them. Thus, this Court simply cannot find that the balance tips in favor of granting this discovery. The risks of discovery are all the greater here since, as Applicant is fully aware, her estranged husband is a practicing attorney. Thus, in the event that the subject email addresses actually belong to him or are in any way associated with him, the requested subpoena is entirely likely to result in the disclosure of privileged communications, to the detriment of any number of uninvolved clients.

Imagine the threat to constitutional rights if any party to a pre-divorce injunctive order were able, with a showing no more detailed than Applicant's, to discover the contents of anonymous email accounts? Should the Court lower the First Amendment bar because the subject divorce injunctive proceeding was venued in a foreign country? As demonstrated by DOES, Applicant's requested subpoena would provide too much discovery, before the actual divorce proceeding has even commenced, and would

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

impose too great a burden on DOES' Constitutional rights. If Applicant needs the information sought by means of her subpoena, then she should seek the relevant order from the tribunal overseeing her divorce. Until she does – and perhaps even afterward – the risk to the rights of DOES (and potentially others) is too great. For all those reasons, the Court should grant DOES' motion and quash Applicant's requested subpoena.

## II. ARGUMENT

### A. __28 U.S.C. § 1782(a) Does Not Require a District Court To Authorize The Discovery Sought In This Case.__

28 U.S.C. § 1782 provides that a federal district court "may order" a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal … upon the application of any interested person." 28 U.S.C. § 1782(a). However, § 1782(a) is merely discretionary and does not *require* a federal district court to authorize the discovery sought in this case. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). The Supreme Court in *Intel*[1] set forth certain discretionary factors to guide a district court in ruling on a § 1782(a) request:

- Whether the "person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter abroad;"
- "The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance;"
- Whether the "§ 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

[1] This case began in the Northern District, was appealed to the US Supreme Court, and on remand Judge Ware __**denied**__ discovery in an opinion that analyzed each factor delineated by the Supreme Court. *Intel Corp. v. Advanced Micro Devices, Inc*., 2004 WL 2282320 (N.D.Cal.).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

- Whether the § 1782(a) request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed."

*Intel*, 542 U.S. at 265.

All four *Intel* factors weigh against discovery in the case in hand. According to the Applicant, the person against whom discovery is sought is a participant in a highly contentious foreign proceeding involving unresolved divorce and child custody issues; the request amounts an attempt to circumvent various French legal obstacles to obtaining this same information; and the request is unduly burdensome for multiple reasons.

**1. <u>Richard London is a Party to a French Proceeding, Subject to French Jurisdiction and Can be Ordered to Produce the Evidence in a French Court.</u>**

The first discretionary factor weighs in favor of quashing the subpoena and denying discovery under Section 1782(a). Jennifer London seeks the origin of certain Yahoo! user accounts and the identity of the person or persons who initiated such accounts. In support of the request, Jennifer London alleges that the person who initiated such accounts is Richard London, the opposing party in a pending injunctive order, authorizing the future filing of a divorce proceeding, on the Island of Basse-Terre-Guadeloupe. Guadeloupe is an overseas region and overseas department of France and is therefore part of the European Union.

Applicant asserts that Richard London registered the DOES' user accounts, and as a result Applicant, using her own assertions, seeks discovery against Richard London. As a party to the French injunctive order, Richard London is unquestionably a "participant" in a foreign proceeding. That participant-status is significant because France has jurisdiction over Richard London, and the foreign tribunal can order Richard London to produce discovery pursuant to French law. Therefore, Applicant should seek the relevant discovery order from the tribunal overseeing her divorce, and not pursuant to Section 1782(a).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

The fact that Applicant chose to circumvent the tribunal overseeing her divorce and seek discovery in U.S. Federal Court raises serious questions as to her true motives in seeking the requested subpoena. Applicant fails to elucidate the nature of her French claims. Nor does she explain how the discovery she seeks relates to the elements of the claims she has raised in French court. Without proper guidance, the Court cannot effectively weigh whether the requested discovery is in any way related to the pre-divorce injunctive order in France, and, importantly, whether the need for the requested evidence is great enough to trump the First Amendment speech rights discussed below.

**2. The Character of the Foreign Proceeding is a Highly Contentious Family Dispute Regarding Divorce and Child Custody and Discovery Should be Left to the Discretion of the French Court.**

The second discretionary factor weighs in favor of quashing the subpoena and denying Section 1782(a) discovery. Because the character of this divorce matter is a highly contentious dispute involving unresolved child custody claims and allegations of adulterous affairs, the Court should defer to the discretion of French Family Matters Court. That court is a specialized family law court and is in a better position to determine whether the requested discovery is relevant or appropriate to the injunctive order. Moreover, that court is familiar with the child custody dispute at issue and in a better position to rule on the nuances of that proceeding. Jennifer London's decision to seek discovery outside the watchful eye of the Family Matters Court—a court well-equipped to deal with the specific requirements of her case—again raises questions as to her true intent in requesting the subpoena and suggests improper motives.

Perhaps more importantly, and as a threshold issue under Section 1782(a), the Applicant has not alleged a "proceeding" for the purposes of the statute. Specifically, Applicant has attached to her application an unauthenticated translation of a temporary French court order, authorizing the filing of a divorce action in the future. (See, Declaration of Anne-Isabelle Gregori, Exhibit B.) On the face of the unauthenticated

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

translation one can determine that the document is only a temporary injunctive order. (*Id*., pp. 2, 4, 6) The wording is clear regarding the temporary nature of the order in both the section dealing with the Applicant's requests ("she temporary requests…" *Id*., p. 2), and in the findings section, where the judge authorizes a divorce to be filed within three months and orders them to reside in separate residences (*Id*., p. 6). Therefore, due to the nature of the document submitted by the Applicant as a temporary injunctive order, Applicant has not presented a "proceeding" to the Court which would permit the type of discovery sought under Section 1782.

**3. Jennifer London's Discovery Request is Attempting to Circumvent Various Legal Obstacles She Faces in French Court.**

With respect to the third factor, a foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture or traditions. Applicant makes no effort to demonstrate that discovery of the sort she seeks in the U.S. is not simply a circumvention of French law. Moreover, Applicant's decision to circumvent the French courts speaks volumes about her true motives in seeking the requested subpoena. Until and upon a proper demonstration that the requested evidence is in some way related to the pending injunctive order – authorizing a divorce proceeding to be filed in the future under French law, the Court must consider this an attempt to circumvent French discovery restrictions.

Even if Jennifer London made a proper request for discovery in France—which DOES assume she did not— and assuming that the discovery ruling in France required action in a U.S. court, judgments and orders of foreign courts are not entitled to automatic recognition or enforcement in American courts. *Wilson v. Marchington*, 127 F.3d 805, 808 (9th Cir. 1997). Under the principles of comity, a court need not enforce a foreign judgment if to do so will offend the public policy of the forum state. *Akermann v. Levine*, 788 F.2d 830, 837 (2d Cir. 1986). This includes a judgment based on laws or procedures that do not comport with fundamental First Amendment principles. *See, e.g.*,

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

*Matusevitch v. Telnikoff*, 877 F.Supp. 1 (D.D.C. 1995), *aff'd on other grounds*, 159 F.3d 636 (D.C. Cir. (1998). The requested subpoena would pierce the anonymity of an online speaker or speakers, and without a proper balancing of harms—with special attention to anonymous free speech rights—enforcement in a U.S. court of a French order compelling the discovery sought would violate the First Amendment speech rights discussed below and be repugnant to public policy.

**4. <u>The Subpoena Request is Overbroad, Seeks Irrelevant and Unnecessary Information and is Unduly Intrusive.</u>**

The final discretionary factor instructs that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Applicant seeks detailed information regarding certain Yahoo! user ID's. The information sought includes all memberships of DOES to Yahoo! user groups and *any and all* documents reflecting DOES' Yahoo! group board postings associated with the requested Yahoo! user ID's. Regardless of the identity and ownership of the accounts, the information that Yahoo! would provide to Applicant would have no possible relevance to a pending divorce injunctive order – especially because the foreign order at issue is only a temporary "pre-divorce" order.

The overbreadth of Applicant's subpoena suggests that the discovery request is designed not to obtain relevant information needed to pursue her claims but rather to harass and intimidate Richard London or people associated with Richard London, and as such, the request is unduly intrusive. Therefore, the subpoena must surely fail on this element, and the Section 1782 discovery request should be rejected.

**5. <u>Jennifer London Requests Arguably Privileged Material, and §1782(a) Specifically Prohibits Discovery of Privileged Material.</u>**

Section 1782(a) specifically prohibits discovery in the event privileged materials are the subject of the request: "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). As detailed *infra*, the entirety of the content requested

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

in Applicant's subpoena falls within the qualified privilege of the First Amendment. For this reason, Applicant's request for discovery under Section 1782 should be denied.

**B. <u>The First Amendment to the U.S. Constitution Protects the Right to Anonymous Communication and Discovery Requests That Seek to Pierce Anonymity Are Subject to a Qualified Privilege.</u>**

The Supreme Court has consistently defended the right to engage in anonymous communication—that is, to speak, read, listen, and/or associate anonymously. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342, 357 (1995). Furthermore, the fundamental right to engage in anonymous communication enjoys the same protections whether the context for speech and association is an anonymous political pamphlet or an Internet message board posting. *See Reno v. ACLU,* 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied to" the Internet); *see also, e.g., Doe v. 2theMart.com, Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) ("The right to speak anonymously extends to speech via the Internet. Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas.").

Since the First Amendment protects anonymous communication, attempts to use the power of the courts to pierce such anonymity are subject to a qualified privilege. Courts must "be vigilant … [and] guard against undue hindrances to … the exchange of ideas." *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (U.S. 1999). This vigilant review "must be undertaken and analyzed on a case-by-case basis," where the court's "guiding principle is a result based on meaningful analysis and a proper balancing of equities and rights at issue." *Dendrite Int'l v. Doe No. 3*, 775 A.2d 756, 760-61 (N.J. Super. Ct. App. Div. 2001).

Moreover, courts must consider the privilege before authorizing discovery. Fed. R. Civ. P. 45(c)(3)(A) (subpoena may be quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies"). *See also Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) ("People who have

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover identity.")

Applicant seeks identification of all memberships to Yahoo! user groups and *any and all* documents reflecting Yahoo! group board postings associated with the requested DOE Yahoo! user ID's. Regardless of the identity and ownership of the accounts, careful review is particularly appropriate where, as here, the requested discovery will identify memberships and postings that have no possible relevance to a pending divorce and child custody proceeding.

Membership in an Internet user group by itself does nothing more than indicate some degree of association with persons who have posted messages—association that is constitutionally protected. The Supreme Court has long since held that compelled disclosure of membership lists may constitute an impermissible restraint on freedom of association. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 460 ("Freedom to engage in association for the advancement of beliefs is an inseparable aspect of liberty assured by the due process clause of the Fourteenth Amendment, which embraces freedom of speech.").

A blanket request for all user group memberships and any and all documents reflecting group board postings associated with the requested Yahoo! user ID's is the equivalent of demanding a membership list and deserves equal censure. *See 2theMart.com*, 140 F. Supp. 2d at 1092 (holding that First Amendment protections for speech and association, including the right to anonymous group membership apply to Internet message boards), *see generally Reno v. ACLU*, 521 U.S. at 851 (applying, generally, all First Amendment protections to "'listservs,' … 'newsgroups,' 'chat rooms,' and the 'World Wide Web'").

/ / /

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**C. The First Amendment Qualified Privilege Requires Evaluation of Jennifer London's Discovery Request in Light of Two Key Factors.**

The privilege to remain anonymous is qualified and permits plaintiffs upon proper demonstration to seek information necessary to pursue reasonable and meritorious litigation. This Court in *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004) set forth two factors that must be evaluated before an Internet user's anonymity can be pierced:

- The applicant seeking to pierce an Internet user's anonymity must first adduce competent evidence that "if unrebutted, tends[s] to support a finding of fact that is **essential** to a given cause of action (emphasis added)" – in this case, the French cause of action;[2] and
- If the first component of the test is met, the court should then "assess and compare the magnitude of the harms that would be caused to the competing interests" and enforce the subpoena only if its issuance "would cause relatively little harm to the defendant's First Amendment and privacy rights [and] is necessary to enable plaintiff to protect against or remedy serious wrongs."

*Highfields*, 385 F. Supp. at 975-76.

Those factors both weigh against discovery. Applicant has not educated the Court as to the elements of her causes of action nor submitted competent evidence sufficient to raise a fact dispute to each element of the causes of action claimed. Regardless of who is behind the Yahoo! user ID's, permitting discovery would violate DOES' First Amendment rights causing them great harm. Most importantly, Applicant has made no showing that discovery sought is necessary and essential to remedy a serious wrongdoing; thus any harm to Applicant in quashing the subpoena is minimal.

[2] This Court provided further guidance on the burden of the applicant before anonymity is pierced: "It is not enough for a plaintiff simply to plead and pray. Allegation and speculation are insufficient. The standards that inform Rule 8 and Rule 12(b)(6) offer too little protection to the defendant's competing interests." *Id*. at 975.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**1. Jennifer London Has Not Submitted Competent Evidence Sufficient to Raise a Factual Dispute to Each Element of the Causes of Action Claimed in the Foreign Action.**

With respect to the first factor, Jennifer London fails to elucidate the nature of her French claims, much less proffer a prima facie case in support of them. The court should require that Jennifer London submit some competent evidence sufficient to raise a factual dispute to each element of the causes of action claimed. *Highfields*, 385 F. Supp. at 976 ("Because of the importance and vulnerability of those [constitutional] rights … the plaintiff [must] persuade the court that there is a real evidentiary basis for believing that the defendant engaged in wrongful conduct that has caused real harm to the interests of the plaintiff …."). Only if this threshold matter is met should the court proceed to the second factor.

**2. The Balancing of Harms Weighs in Favor of the DOES.**

Even if Applicant met the first factor of the balancing test required by the First Amendment—which she did not—the subpoena request must surely fail as to the second factor. Applicant must not be permitted to abuse the subpoena power to discover all Yahoo! user group memberships and *any and all* documents reflecting Yahoo! group board postings that are associated with the requested Yahoo! ID's. Regardless of the identity and ownership of the accounts, issuance of the subpoena would pierce the anonymity of the account holders and cause great harm to First Amendment and privacy rights. Furthermore, Applicant has made no indication that issuance of the subpoena is *necessary* to enable plaintiff to protect against or remedy serious wrongs.

As for the balance of the harms, given Applicant's failure to submit competent evidence as to her claims, and here failure to indicate that the requested evidence is necessary for the litigation to go forward and the overbreadth of subpoena, the harm to Applicant in quashing the subpoena is minimal. On the other hand, releasing the

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

requested information would cause significant and irreparable harm to the First Amendment and privacy rights of the DOES.

**D. <u>An Urgent Need For Discovery Does Not Exist Because The Discovery Sought Is Not Relevant To The Pending Child Custody Proceeding.</u>**

Applicant has not explained how the discovery sought has any relevance whatsoever to the September 19, 2006 child custody proceeding, except for a generalized statement by Applicant's attorney that Mr. London "has placed the origin of certain internet user accounts directly at issue in the divorce proceeding." (Decl. of Anne-Isabelle Gregori in Support of Application for an Order to Conduct Discover for Use in a Foreign Legal Proceeding Pursuant to 28 USC § 1782, ¶ 4; hereinafter, "Gregori Decl.") Because the Applicant has not made any showing whatsoever as to why the discovery sought is relevant to the pending child custody proceeding, an there is thus no urgency and no need to produce discovery before the September 19 proceeding. Moreover, the discovery sought would impose too great a burden on the DOES' fundamental First Amendment right to anonymous speech. Discovery of this magnitude requires appropriate pre-litigation investigation into the facts supporting the subpoena, and this is not the type of request that should be expedited. Without an urgent need for the evidence, this is too much discovery, before the divorce proceeding has even been initiated. In light of these concerns, the Court must decline to expedite the subpoena.

**E. <u>Evidence Submitted In Support Of Jennifer London's Subpoena Is Not A Properly Authenticated English Translation And Is Inadmissible.</u>**

In support of the subpoena request, Applicant has submitted a declaration of Anne-Isabelle Gregori that includes a French-to-English translation of a Non Conciliation order entered by the Tribunal De Grande Instance De Basse-Terre November 10, 2005 (*See* Gregori Decl., Exhibit B.) Translations of evidence from foreign language must be

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

authenticated by showing that they are accurate and done by a competent translator. *See* Fed. R. Evid. 604 and 901; *Tei Yan Sun v. Governmental Auths. of Taiwan*, 2001 U.S. Dist. LEXIS 1160 (N.D. Cal. Jan. 23, 2001). Applicant neglects to indicate the translator's competency, and the translation should be viewed as highly suspect coming directly form Applicant's highly partisan French attorney. The Court is simply not in a position to verify whether the information contained in the translation is accurate and truthful. Because Jennifer London has failed to properly authenticate the translation, Exhibit B is inadmissible and should not be used in the Court's decision making on this matter.

**III. CONCLUSION**

For the forgoing reasons, the Court should grant the DOES' motion to quash the subpoena to Yahoo! and deny Applicant any rights to discovery under Section 1782(a).

DATED: August 22, 2006.

**KRONENBERGER HANLEY, LLP**

By: /s/ Karl S. Kronenberger

Terri R. Hanley
Karl S. Kronenberger
Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com