**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (Bar No. 203748)
Karl S. Kronenberger (Bar No. 226112)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile:  (415) 955-1158

Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)
Richard London (parisfait2000@yahoo.com)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JENNIFER LONDON,**<br><br>　　　　Applicant. | Case No. C06-80196 JSW (BZ)<br><br>**OBJECTIONS TO MAGISTRATE'S RECOMMENDATION AND FINDINGS AND MOTION FOR *DE NOVO* DETERMINATION REGARDING RESPONDENTS' MOTIONS TO QUASH SUBPOENA TO YAHOO!, INC.** |

**OBJECTIONS; MO. FOR DETERMINATION**
***DE NOVO***

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the four "John Doe" owners/users of the Yahoo! accounts wrest36@yahoo.com, wrest39@yahoo.com, readyset44@yahoo.com, tryit360@yahoo.com and Richard London, hereinafter collectively "Respondents," by and through their attorney of record Kronenberger Burgoyne LLP, hereby: a) object to the recommendation and findings of Magistrate Judge Bernard Zimmerman concerning Respondents' Motions to Quash the Subpoena issued by Magistrate Judge Zimmerman to Yahoo!, Inc., and b) move for *de novo* determination regarding the Motions to Quash that Subpoena; in each case under 28 USC § 636(b), Federal Rule of Civil Procedure 72(b) and Northern District Civil Local Rules 72-2 and 72-3, and on the grounds that Magistrate Judge Zimmerman's recommendation and findings ignore and misapply governing law and draw factual conclusions that defy uncontradicted evidence.

These objections and motion are brought pursuant to 28 USC § 636(b), Federal Rule of Civil Procedure 72(b), and Northern District Civil Local Rules 72-2 and 72-3, and will be based on this Notice and the attached Memorandum; the accompanying Request for Judicial Notice; all papers filed in opposition and reply thereto; all other pleadings and records filed in this case; the transcript of the October 18, 2006 hearing on the Motions to Quash; and such additional arguments and evidence as may be presented at or before the time of any hearing on these objections and motion.

DATED: October 31, 2006.

                                        **KRONENBERGER BURGOYNE, LLP**

By:  /s/ Henry M. Burgoyne, III
Henry M. Burgoyne, III
Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)
Richard London

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A.  The District Court Judge Assigned to Hear These Objections Must Review the Magistrate Judge's Recommendation *De Novo*. ..................................................2

    B.  Respondents Did Not Consent – Impliedly or Otherwise – to the Magistrate's Disposition of the Motions to Quash. ...................................................................2

    C.  The Subpoena Is Facially Overbroad In Relation to Applicant's Stated Goal – As Recognized by the Magistrate Judge – of Discovering Information Concerning the Owners/Users of Yahoo! Accounts. .................................................................3

    D.  The Magistrate Judge's Recommendation That Discovery Is Justified Under 28 USC 1782 Ignored Supreme Court Precedent, Uncontradicted Evidence and the Statute's Text.. ...................................................................................................5

    E.  The Subpoena Violates Respondents' Qualified Constitutional Privilege to Communicate Anonymously Over the Internet.. ....................................................7

III. CONCLUSION ..................................................................................................................9

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Phone: (415) 955-1155
Fax: (415) 955-1158

i                                **OBJECTIONS; MO. FOR DETERMINATION *DE NOVO***


# TABLE OF AUTHORITIES

**CASES**

*Doe v. 2TheMart.com, Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) ............................... 8

*Highfields Capital Management L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)........... 8

*In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.*, 400 F.Supp.2d 386 (D. Mass. 2005) ....................................................................................... 2

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).............................. 5, 6, 7

*Nasca v. Peoplesoft*, 160 F.3d 578 (9th Cir. 1998) ............................................................. 3

*Roell v. Withrow*, 538 U.S. 580 (2003) ............................................................................... 3

**STATUTES**

28 U.S.C. § 636(b) ............................................................................................................. 3

28 U.S.C. § 636(b)(1)(B) .................................................................................................... 2

28 U.S.C. § 636(c) ............................................................................................................. 2

28 U.S.C. § 1782(a) ....................................................................................................... 5, 7

Fed. R. Civ. P. 72(b) .......................................................................................................... 2

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OBJECTIONS; MO. FOR RECONSIDERDATION *DE NOVO***

## I. INTRODUCTION

The Does and Richard London (collectively, "Respondents")[1] hereby object to Magistrate Bernard Zimmerman (the "Magistrate Judge")'s recommendation and findings (the "Recommendation")[2] concerning the Does' and Richard London's Motions to Quash the subpoena issued by Magistrate Zimmerman to Yahoo!, Inc. (the "Subpoena"), on the grounds that the Recommendation ignores and misapplies governing law and draws factual conclusions that defy uncontradicted evidence. Respondents further move the District Court Judge assigned to hear their Objections and Motion for De Novo Determination (collectively, the "Objections") to order that the Motions to Quash be granted in their entirety.

In the alternative, in the event the Court denies the Motions to Quash in any part, Respondents request that the Court: (1) reform the Subpoena to exclude information facially unrelated to Applicant's goal of identifying the owners/users of the subject Yahoo! accounts (as described in Section II C); (2) stay execution of the Subpoena for 30 days, to allow Respondents to consider filing, and to file, a notice of appeal and any supporting documents;[3] and (3) incorporate into its order a procedure akin to that set forth in the Magistrate Judge's Recommendation, providing for an initial disclosure by Yahoo! on an attorneys'-eyes-only basis, with an opportunity for Applicant and Respondents to brief whether the information is sufficiently related to Applicant's stated goal (identification of the owners/users of the subject Yahoo! accounts) to justify production to Applicant and her foreign counsel.

---

[1] Initially, Kronenberger Burgoyne, LLP, counsel for Respondents, appeared only on behalf of the Doe owners/users of the Yahoo! accounts identified as wrest36@yahoo.com, wrest39@yahoo.com, readyset44@yahoo.com, and tryit360@yahoo.com. Upon request, Kronenberger Burgoyne also entered an appearance for Richard London at the October 18, 2006 hearing on the Motions to Quash. Since that hearing, Kronenberger Burgoyne has continued to represent all Respondents.

[2] The Magistrate Judge improperly captioned his Recommendation an "Order," despite that, as explained in Section II B, below, Respondents never consented to the Magistrate's entry of dispositive orders relating to the Subpoena or Motions to Quash.

[3] When asked by the Magistrate Judge during the hearing on the Motions to Quash, counsel for Applicant was unable to point to any deadline relating to the information sought by the Subpoena. Yahoo, Inc. has yet to produce any documents, pending a final determination of the issues raised by the Motions to Quash.

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Phone: (415) 955-1155
Fax: (415) 955-1158

## II. ARGUMENT

### A. The District Court Judge Assigned to Hear These Objections Must Review the Magistrate Judge's Recommendation *De Novo*

A ruling on a motion to quash a subpoena is "dispositive" within the meaning of 28 USC § 636(b)(1)(B) where the application to issue that subpoena and the motion to quash constitute the entirety of the matter before the court.  Thus, a district court judge hearing objections to a magistrate judge's recommendation and findings concerning such a motion to quash must review that recommendation and findings *de novo* under Federal Rule of Civil Procedure 72(b).[4]  *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.* ("*Administrative Subpoena*"), 400 F.Supp.2d 386, 388-389 (D.Mass. 2005) (citing numerous cases, including *Strong v. United States*, 57 F.Supp.2d 908, 913 (N.D.Cal.1999), in which courts have treated motions to enforce or quash administrative subpoenas, or the like, as dispositive for purposes of 28 USC § 636(b)(1)(B) and FRCP 72(b)).

Applicant came before the Court seeking only the Subpoena.  A decision on the Motions to Quash will finally determine Respondents' Constitutional and other rights relating to that Subpoena, thereby disposing of the entirety of this matter.  As explained in *Administrative Subpoena*, given the dispositive nature of the Motions to Quash, the District Court Judge assigned to hear Respondents' Objections must therefore review the Magistrate Judge's Recommendation *de novo*.

### B. Respondents Did Not Consent – Impliedly or Otherwise – to the Magistrate's Disposition of the Motions to Quash

A party's failure to object to a magistrate judge's participation in a matter does not constitute consent under 28 USC § 636(c) to have the magistrate judge enter dispositive orders.  Consent to a magistrate judge's entry of dispositive orders must be "explicit, clear and unambiguous."  *Nasca v. Peoplesoft*, 160 F.3d 578, 580 (9th Cir. 1998).

---

[4] Federal Rule of Civil Procedure 72(b) requires that the party objecting to the Magistrate Judge's recommendation "promptly arrange for the transcription of the record …"  Respondents are coordinating with the court reporter from the hearing on the Motions to Dismiss to prepare that transcript.

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

Prior to filing their Notice of Intent to File Objections, none of Respondents had commented on the Magistrate Judge's participation in this matter, much less expressed their consent to the Magistrate Judge's entry of dispositive orders. In fact, at the time Respondents first appeared, a discussion of consent would have been untimely, since the Magistrate Judge already had been assigned this matter, and since 28 USC § 636(b) empowers courts to authorize the participation of magistrates without regard to the parties' wishes (subject to varying levels of review by a district court judge). Because Respondents have not consented to the Magistrate Judge's disposition of the Motions to Quash, a district court judge must hear Respondents' Objections.

In correspondence preceding the filing of Respondents' Objections, Applicant cited *Roell v. Withrow*, 538 U.S. 580 (2003), for the proposition that Respondents had impliedly consented to the Magistrate Judge's authority to dispose of the Motions to Quash. The circumstances of this matter, however, are in every sense distinguishable from *Roell*. The *Roell* parties as to whom consent was implied voluntarily appeared before a magistrate judge after being informed of their right to have their case decided by a district court judge. They then stood idol while the magistrate judge several times informed them that she understood all parties to have consented to her disposition of the case, and even participated in a jury trial before the magistrate judge. Here, by contrast, there has been no discussion of Respondents' consent, and Respondents have raised their desire for District Court review at the earliest reasonable time, i.e., upon issuance of the Magistrate Judge's Recommendation.

Because Respondents never consented – impliedly or otherwise – to the Magistrate Judge's disposition of the Motions to Quash, the Court must hear Respondents' Objections.

**C.     The Subpoena Is Facially Overbroad In Relation to Applicant's Stated Goal – As Recognized by the Magistrate Judge – of Discovering Information Concerning the Owners/Users of Yahoo! Accounts**

Applicant claims, as recognized by the Magistrate Judge, to be "seeking information relating to the identities of several Yahoo! account holders believed to be controlled by Richard London …" (Op. at 1:4-7; *see also* Op. at 3:1-3 ("[t]he Yahoo! email account registration evidence, therefore, is key to a central disputed issue – i.e., who was responsible for soliciting adulterous sex"); Declaration of Damien Lillis in Support of Renewed Ex Parte Application for Order to Conduct Discovery at ¶ 2 ("[t]he proposed subpoena to Yahoo! … seeks information relating to the registrant of email accounts and usernames"); Recommendation at 4:2-4 ("Applicant seeks discovery to confirm that the user behind the specified e-mail accounts is in fact Richard London").)

The Subpoena as issued by the Magistrate Judge, however, encompasses information plainly unrelated to that goal. For example:

- The Subpoena requires Yahoo! to turn over information relating to the parisfait2000 username, <u>despite that Richard London already conceded his ownership and use of that account</u>. In light of Applicant's stated goal of discovering the identities of the owners/users of the subject Yahoo! accounts, there can be no legitimate purpose to requiring the disclosure of information concerning parisfait2000.[5]

- The fourth prong of the Subpoena seeks "[a]ny and all documents … describing and identifying each Yahoo@ internet [sic.] group in which the [subject accounts] ever participated as group members." <u>That information, on its face, bears no connection to the identity of the individual owners/users of the subject Yahoo! accounts</u>. The fourth prong thus constitutes a blatant fishing expedition and bold-faced intrusion into the Constitutionally-protected anonymous online

---

[5] At the October 18, 2006 hearing on the Motions to Quash, Applicant's counsel attempted to argue that information concerning parisfait2000 was nonetheless required to make sense of IP address information to be provided in relation to other accounts. That argument, however, contradicts counsel's prior sworn declaration, which states that each IP address is sufficient, standing alone, to fix "the physical location from which the registration [of an account] occurred." (Declaration of Declaration of Damien Lillis in Support of Renewed Ex Parte Application for Order to Conduct Discovery at ¶ 2.)

communications and associations of Respondents. (See Does' Motion to Quash at 8:3-9:25.)

- In the pages and pages of Internet printouts put forth by Applicant, there is but a single reference to the readyset44 username. (Declaration of Jennifer London in Support of Renewed Ex Parte Application for Order to Conduct Discovery at Exh. E.) The posting containing that references is <u>more than five years old</u>, well predating all the other postings proffered by Applicant, not to mention Applicant and Richard London's separation and Richard London's residence on St. Maarten. Given the scarcity of even circumstantial evidence tying Richard London to readyset44, there is no justification for discovery relating to it.

To the extent it seeks information plainly unrelated to Applicant's stated goal of identifying the owners/users of the subject Yahoo! email accounts, the Subpoena is facially overbroad and unlawful, and the Magistrate Judge's refusal to quash it was clear error. If the Subpoena is to be issued at all, it should be trimmed to exclude the categories of information set forth above, and re-focused on the remaining information that, if nothing else, bears a facial connection to Applicant's stated goal.

**D. The Magistrate Judge's Recommendation That Discovery Is Justified Under 28 USC 1782 Ignored Supreme Court Precedent, Uncontradicted Evidence and the Statute's Text**

The Magistrate Judge's Recommendation all but ignored the factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* ("*Intel*"), 542 U.S. 241 (2004), as well as copious evidence demonstrating that this was not the type of case for which Congress intended 28 USC § 1782(a). For example, the Recommendation:

- Concluded, despite a declaration by Applicant's counsel that discovery was available in the foreign divorce proceeding, and despite Applicant's failure to attempt any other means of gathering the information sought by the Subpoena, that it was "unclear how [Applicant] would otherwise obtain" information

1 concerning Richard London's supposed extramarital relations. (Recommendation

2 at 6:1-2; Supplemental Gregori Declaration at ¶ 6.)[6]

- Gave no weight to the fact that Richard London is a party to the foreign divorce proceeding, and so could be compelled by the foreign court to provide any relevant and admissible information concerning his supposed extramarital affairs, including information concerning his own access to and use of Yahoo!'s systems and services. (Recommendation at 1, n. 1; *Intel,* 542 U.S. at 264).[7]

- Discounted the nature of the foreign proceeding – a highly-contested divorce and child custody dispute, with cross-allegations of infidelity, as overseen by a specialized family law court – and the fact that the foreign court had expressed no desire, much less need, for the intervention of the U.S. federal courts. (Recommendation at 2:13-16; *Intel*, 542 U.S. at 264).

- Concluded that Respondents had failed to demonstrate Applicant's intention to circumvent legal obstacles in the foreign court, when the record established that:

    o Applicant has never disclosed this proceeding to the foreign court (Amended Declaration of Richard London at ¶ 8);

    o Applicant has failed to request that the foreign court order the discovery sought by the Subpoena, despite Applicant's counsel's representation that discovery is available in that court (Supplemental Gregori Declaration at ¶ 6);

---

[6] As suggested in the Magistrate's Tentative Recommendation at p. 4, fn. 4, and as explained by Respondents' counsel at the hearing on the Motions to Quash, the only legal bar to Yahoo!'s production of the subpoenaed information is Yahoo's Privacy Policy (the "Privacy Policy"), a copy of which is attached as Exhibit A to Respondents' Request for Judicial Notice. The Privacy Policy provides for the disclosure of information in response to "subpoenas, court orders, or legal process," with no suggested limitation on jurisdiction or country of origin. Thus, there is no reason to believe that a subpoena, process or order of the foreign court – especially since Yahoo! does business across the globe – would be ineffective to garner the sought information.

[7] The Privacy Policy is a contract between Yahoo! and its end users. Thus, to the extent that the foreign court ordered Richard London to produce information concerning his access to and use of Yahoo!'s systems and services, he could waive the Privacy Policy's provisions and request the information directly from Yahoo!.

6        **OBJECTIONS; MO. FOR RECONSIDERDATION *DE NOVO***

- ○ Applicant's original, sworn need for the information sought by the Subpoena – to assist her in her case for child custody – was shown a lie by an exhibit to the declaration of her own attorney (*see* Memorandum in Support of Richard London's Motion to Quash at 7:16-26; translation attached to Gregori Declaration at p. 4, final paragraph).

(Recommendation at 2:18-20; *Intel*, 542 U.S. at 265.)

- Concluded that the Subpoena was not unduly intrusive, despite its overreaching (*see* Section II C, above), its effect on Respondents' privacy interests (Recommendation 4:12-5:16) and its impact on Respondents' Constitutional rights of anonymity and association (*see* Does' Motion to Quash at 8:3-9:25, Section II E, below). (Recommendation at 2:20-21; *Intel*, 542 U.S. at 264.)

- Failed to address that 28 USC 1782(a), on its face, states that "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege," such as Respondents' qualified privilege to communicate anonymously (see Section II E, below).

As explained in Respondents' prior memoranda, and as evident in light of the Recommendation's errors, if discovery under 28 USC 1782(a) is granted in this case, it is difficult to see how the Court will ever draw a line. Congress and the Supreme Court would be shocked at this use of 28 USC 1782(a). For those and the reasons stated in Respondents' prior briefs, the Court should uphold Respondents' Objections to the Recommendation, and should grant the Motions to Quash in their entirety.

**E.** **The Subpoena Violates Respondents' Qualified Constitutional Privilege to Communicate Anonymously Over the Internet**

The Magistrate Judge's Recommendation gave lip service to the right to communicate anonymously, as firmly established in the caselaw of this and most every other Court to address the issue of discovery targeting the identities of anonymous online speakers. For example, the Recommendation:

- Cited Respondents' failure to submit declarations setting forth their relationships as evidence that Respondents all were Richard London, despite that such declarations would have risked revealing Respondents' identities, and that neither the Magistrate Judge nor either party could cite a case effectively sanctioning a litigant for the litigant's principled and lawful maintenance of the litigant's anonymity.  (Recommendation at 4:9-11.)
- Distinguished *Highfields Capital Management L.P. v. Doe* ("*Highfields*"), 385 F.Supp.2d 969 (N.D. Cal. 2005), on the grounds that *Highfields* concerned speech on a matter of public concern, when neither *Highfields* nor any other case cited by either party premised Constitutional protection on the nature of the speech.  (Recommendation at 3:24-4:2.)  To the contrary, as explained by *Doe v. 2TheMart.com, Inc.*, 140 F.Supp.2d 1088, 1093 (W.D.Wash. 2001), a widely-relied-on case cited by both Applicant and Respondents, "even non-core speech is entitled to First Amendment Protection.  First Amendment protections are not confined to the exposition of ideas."
- Failed to require Applicant, as a precondition to discovery of Respondents' identities, to set forth admissible evidence establishing each element of her claim for divorce.  (*Highfields,* 385 F.Supp.2d at 970-71, 975-76.)
    - The record contains no citation to any foreign law establishing that the one and only element of Applicant's divorce claim is that Richard London have engaged in extramarital gay sex.
    - The bulk of Applicant's printed Internet evidence was and is inadmissible.
    - Even if extramarital gay sex were the only element of Applicant's claim, and even if Applicant's Internet evidence were admissible, Applicant has failed to show – in fact, failed even to attempt to show – that Richard London, the Does or anyone else has engaged in extramarital gay sex.  <u>Thus, even given the information sought by the Subpoena, Applicant hasn't shown that she can state a claim for at fault divorce</u>.

1  In recognition of the Constitutional dimension of anonymous online speech, the
2  District Court Judge assigned Respondents' Objections should recognize the Subpoena
3  for what it is – a tool of harassment in a highly contentions family law dispute – and on
4  that basis should uphold Respondents' Objections and grant the Motions to Quash.

**III. CONCLUSION**

For the reasons stated herein, the District Court Judge assigned to hear Respondents' Objections should uphold them and grant the Motions to Quash.  In the alternative, should the District Court Judge deny the Motions to Quash in any part, he or she should order the procedure outlined in the Introduction to these Objections, so that Respondents might have the opportunity to seek additional review of the District Court Judge's order or, at a minimum, to further participate in the evaluation of any information produced by Yahoo!.

DATED:  October 31, 2006.

**KRONENBERGER BURGOYNE, LLP**

By:  /s/ Henry M. Burgoyne, III
Henry M. Burgoyne, III
Attorneys for
John Doe (wrest36@yahoo.com)
John Doe (wrest39@yahoo.com)
John Doe (readyset44@yahoo.com)
John Doe (tryit360@yahoo.com)
Richard London

KRONENBERGER BURGOYNE, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com